U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 1 7 2009

ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

DWIGHT COLLINS

versus

LARRY CY CAMPEAUX

CIVIL ACTION NO. 08-1893
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by the defendant, the United States of America ("the United States" or "the government"). See Record Document 4. Based on the following, the government's motion to dismiss is **GRANTED**.

## I. BACKGROUND

Dwight Collins ("Collins"), an employee of the United States Postal Service ("USPS"), filed a pro se small claims suit in Shreveport City Court, Caddo Parish, Louisiana, against Larry Cy Campeaux ("Campeaux"), a supervisor at the USPS. Collins sued for alleged losses sustained when Campeaux removed the key to his parked motorcycle from its ignition. The government removed the case to this court and moved to be substituted as a proper party defendant in lieu of Campeaux under the Federal Tort Claims Act ("FTCA"). See Record Documents 1 and 6. The motion

was accompanied by a certification by the United States Attorney that Campeaux was acting within the scope of his employment as an employee of the United States at the relevant time. Collins did not oppose the removal or the certification. The court determined that substitution of the United States was appropriate under 28 U.S.C. § 2679(d)(2) and granted the motion. Thus, the United States is the sole defendant. The government then filed the instant motion to dismiss Collins's complaint. See Record Document 4.

## II. LAW AND ANALYSIS

The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. See Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Accordingly, Collins "constantly bears the burden of proof that jurisdiction does in fact exist." Id.

Pro se complaints are held to less stringent standards than those applied to pleadings drafted by attorneys. See Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981). However, whether a complaint is written by a pro se plaintiff or drafted by an attorney, it shall not survive a motion to dismiss if based on conclusory allegations or legal conclusions presented as facts. See Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

"A motion under [Rule] 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction." Castro v. United States, --- F.3d ---, 2009 WL 416983 (5th Cir. Feb. 20, 2009) (citing Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008)). Collins's complaint provides, in pertinent part:

> I Dwight Collins, am the owner of a 2008 Honda Goldwing motorcycle. On Wednesday July 30, 2008, at approximately 4:05 p.m. key was taken, without my permission, from the ignition of my bike. My motorcycle was parked near the east entrance of the building where I am employed; 2390 Texas Ave, US Postal Svc. facility, S'port, LA. As I attempted to depart that day I discovered the key was now missing from a bike that I just 30 minutes ago parked. At the time I parked there (3:30 pm) their was only two occupants in the building, Larry Campeaux and myself. He departed 5 mins. earlier than my departure. The next time I saw my key it was brought to me by co-worker Brian Cubley. He stated that someone had placed on his desk, and he couldn't say when or who. The next day I was told anonymously that my key was taken by Larry Campeaux. I contacted both the Postal Inspection Svc. & the OIG's office (Sean Baker-ph 866-644-5824 ext: 6433). An investgation took place, and during one of his follow-ups he informed me that Mr. Campeaux had admitted taking my key because he had an issue w/ where I parked.

Record Document 1, Statement of Claim [sic].

A court may determine the "real" cause of action set forth in the complaint. See Hall v. United States, 274 F.2d 69, 71 (10th Cir. 1959) (court of appeals in action

filed under FTCA may "look beyond the literal meaning of the language to ascertain

real cause of the complaint"); Rey v. United States, 484 F.2d 45, 49 (5th Cir. 1974)

(quoting Hall). Collins complains that the key to his motorcycle was removed

without his knowledge. His claim is, essentially, that someone converted his

property. The FTCA provides that the United States shall be liable in tort for any

> negligent or wrongful act or omission of any employee of
> the Government while acting within the scope of his office
> or employment, under circumstances where the United
> States, if a private person, would be liable to the claimant
> in accordance with the law of the place where the act or
> omission occurred.

28 U.S.C. § 1346(b). Louisiana provides a cause of action for conversion of property.

See Harper Oil Field Servs. v. Dugas, 451 So.2d 96, 101 (La. App. 3d Cir. 1984).

"The tort of conversion is committed when one wrongfully does any act of dominion

over the property of another in denial of or inconsistent with the owner's rights."

Alvarez v. Clasen, 946 So.2d 181, 183 (La. App. 5th Cir. 2006) (citations omitted).

Further, conversion is not one of the enumerated exceptions to the FTCA's waiver of

sovereign immunity set forth at 28 U.S.C. § 2680. Thus, Collins stated a cause of

action under the FTCA.

The government argues that the court lacks subject matter jurisdiction to hear

the FTCA claim because Collins did not serve the agency with an administrative tort

4

claim prior to filing suit. <u>See</u> Record Document 21 at 7. The FTCA provides a limited waiver of sovereign immunity which is expressly conditioned upon the previous filing of a timely administrative claim to the federal agency. <u>See</u> 28 U.S.C. § 2675(a). The claim to the federal agency must have been finally denied by the agency or not acted upon by the agency for at least six months. <u>See</u> <u>id.</u> Collins does not allege that he filed such an administrative claim. Further, the government has provided evidence that a search of records was conducted and no such claim could be found,[1] and Collins fails to controvert this evidence.

---

[1] The government has submitted testimony from Kathleen M. Arndt ("Arndt"), who is employed as an attorney by the United States Postal Service in the United States Postal Service Law Department, National Tort Center ("NTC"). Her declaration states, in pertinent part:

2. Claims filed with the Postal Service pursuant to the FTCA are investigated and processed by the Customer Service and Tort Claims Representative for the Louisiana District. They are then forwarded to the NTC for adjudication. One of my responsibilities is to supervise the adjudication of the administrative claims that arise in the southwestern United States including Louisiana. I have access to the administrative claim files arising in Louisiana and records relating thereto.

3. I am informed that Plaintiff Dwight Collins (a Postal employee) purported to file the above captioned lawsuit involving an allegation that the named Defendant Larry Cy Campeaux (a Postal Supervisor) took the key out of his motorcycle on July 30, 2008 because he was parking in an area where employee parking was not permitted thereby causing him to have his lock changed and a new key made.

4. On November 25, 2008, I requested a search of the NTC's

Construing Collins's allegations in the light most favorable to him and accepting all facts pleaded in his complaint as true, it is clear that Collins's suit against the government must be dismissed for lack of subject matter jurisdiction. Such dismissal is without prejudice to any future action brought after compliance with the procedural requirements of the FTCA. Accordingly, the government's motion to dismiss (Record Document 4) is **GRANTED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this /6ᵗʰ day of March, 2009.

JUDGE TOM STAGG

---

administrative claim files and records regarding whether the Postal Service had received any claim from Plaintiff. The NTC's records reveal no claim filed by or on behalf of Plaintiff Dwight Collins.

Record Document 4, Declaration of Arndt at 1-2.